IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHANDLER D. CARTER,<br><br>      Plaintiff,<br><br>  vs.<br><br>NORMAN Y. MINETA<br>SECRETARY OF TRANSPORTATION,<br><br>      Defendant.<br>_____ | <br><br><br><br><br><br><br><br><br><br>CASE NO: A04-178 CV (JKS) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Chandler D. Carter, through his undersigned counsel, hereby submits his response to Secretary Mineta's Motion for Summary Judgment.

**I. LEGAL STANDARD**

A motion for summary judgment should be viewed in a light most favorable to the party opposing the motion and the latter party is entitled to the benefit of all inferences reasonably deducible from the evidence. The clear burden is on the movant to establish both that there is no genuine issue as to any material fact and that and that the movant is entitled to judgment as a matter of law.

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 26 L.Ed2d 142 (1970); *Eisenberg v. Insurance Co. Of North America*, 815 F.2d 1285 (9th Cir.1987).

### II. MR. CARTER HAS STATED A CLAIM UNDER TITLE VII

There are clearly disputed material facts regarding this claim by the plaintiff. Mr. Carter has met his burden to state his prima facie case under *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct 1817, 36 L.Ed2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981) and their progeny. This Circuit and the majority of Circuit Courts hold that, the plaintiff had "unquestionably established" a *prima facie* case of discrimination in promotions by showing that "(1) he belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action and (4) other employees with qualifications similar to his own were treated more favorably." *Peterson v. Hewlett-Packard Co.*, 358 F. 3d 599 (9th Cir. 2004); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). "To establish a prima facie case, the plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was qualified for an available position; (3) despite her qualifications she was rejected; and (4) either someone not of her protected class

2

filled the position….″ ***Cones v. Shalala***, 199 F.3d 512, 516, 81 FEP Cases 1650 (D.C. Cir. 2000), in which the Court reversed the grant of summary judgment to defendant on the Title VII claim. *Accord*, ***Denesha v. Farmers Insurance Exchange***, 161 F.3d 491, 501 (8th Cir. 1998); ***Anaeme v. Deagnistek, Inc.***, 164 F.3d 1275, 1278 (10th Cir.), *cert. denied* 528 U.S. 814 (1999). However, where, as here, the plaintiff has produced direct evidence of discrimination, the ***McDonnell Douglas,*** *supra,* test for the response of the employer and the respective need, on the part of the plaintiff to prove such response to be "pretext." In such an instance the ***McDonnell Douglas***, *id, is* "inapplicable".

"The ***Price Waterhouse v. Hopkins***, 499 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989), mixed-motives theory of discrimination comes into play where direct evidence of discrimination is presented, but the employer asserts that the same adverse employment decision would have been made regardless of discrimination. Although ***Price Waterhouse*** can be characterized as a method to prove discrimination, the mixed-motives theory is probably best viewed as a defense for an employer. See ***Price Waterhouse***, at 246 'The employer's burden is most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and the employer, if it wishes to

3

prevail, must persuade it on the another.' Unlike **McDonnell Douglas**, which simply involves a shifting of the burden of production, **Price Waterhouse**, once a plaintiff presents direct evidence of discrimination, the burden of proof shifts to the employer to show that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails." **Rachid v. Jack In The Box, Inc.**, 376 F.3d 305 (5th Cir. 2004).

## II. FACTS RE SEX DISCRIMINATION

Chandler D. (Tom) Carter, who is 71 years old, is an approximately 27 year veteran of employment at the Federal Aviation Administration ("FAA"). He is currently on the Certification Standardization and Evaluation Team of the FAA (Ex.p.6, Carter depo.) He has held many leadership and important positions responsibilities in the FAA over almost three decades set out in his testimony to the EEOC Administrative Judge (Ex. pp.4-7 EEOC)* In addition he recounted, under questioning that he served, in part as a

   * p. will refer to the EEOC hearing, unless other
       wise designated.


gunner, in the Air Force and Army and served under fire in Korea and Viet Nam as a helicopter and airplane pilot. (Ex.

4

pp. 11-12)

There is evidence from Jerry Patterson that John Duncan, the Division Manager, said at a managers' meeting in 1999 or 2000 that he wanted to see Verene Miller promoted. Although Mr. Mineta's brief states that Mr. Patterson said that he could not name any other participants at such meeting, (Defendant's Brief, P.12). However, in response to questions from Mr. Mineta's counsel, at his deposition Patterson named Naomi Christianson, Larry Dalrymple and Terry Gordon as being present at such managers' meeting. Ex. (pp.6-7-JPdepo) This statement by Mr. Duncan was an unprecedented circumstance in the long career of Jerry Patterson. He testified that he had never heard a any Manager state that they would like to see a particular employee promoted. Ex. (p.6—8 Patterson depo). Similarly, when the Supervisory Aviation Safety Inspector's bid requirements were changed, which change allowed Verene Miller to apply for the subject position, which was the position of Supervisory Aviation Safety Inspector, FV-1825-K, John Duncan personally advised her of that change, again, a unique act of the top boss going to an inspector to advise of such matter. (Ex.p.25) That change in bid turns out to be in and of itself the only one changed after the original bid, at least from 1997-2001 in the Flight Standards

5

Division of FAA. (Ex. p.20). In addition, Mr. Carter and Mr. Wallace, Carter's then supervisor met with Mr. Duncan regarding a prior employment selection that Mr. Carter had made, which had been unsuccessfully applied for Ms. Vereen Miller, in which Mr. Duncan said to both men that he wanted to promote her (Miller) as soon as possible. (Ex. p.27) Mr. Duncan acknowledged that he told Ms. Miller and others that he wanted Ms. Miller promoted. (Ex.p. 880)

Other evidence that supports Mr. Carter's charge of sex discrimination includes the fact that although Ms. Vereen Miller was given credit for outside FAA work to qualify for the subject position, other candidates, who had substantial experience outside the FAA, were not given the same consideration of having that experience considered in the hiring process. (Ex.pp.38-40), which favoritism to Ms. Miller was considered blatantly unfair by the expert witness Thomas Westfall. (Ex. p. 111-112) In addition, Ms. Miller had had a serious violation in flying an FAA aircraft in which she was 4,600 feet _off_ of her assigned altitude in a mountainous area near Homer, Alaska. The selecting official of the subject promotion, Johnnie Wallace, knew of this infraction, for which she received a violation by the FAA but which only included remedial training. It was determined that Ms. Miller was alone as one, who was an

Aviation Safety Inspector with the FAA in Alaska to have received such a violation. (Ex. pp. 32-33) In addition, it is clear that Mr. Carter was discriminated against on the basis of sex, in that Robert Christensen, the subject matter reviewer for Ms. Miller's prior non-FAA work history told an FAA employee that when doing the referenced review, he did not think that Ms. Miller would be selected so that he "just sort of blew it off." (Ex. pp. 36-37)

### III. FACTS RE AGE DISCRIMINATION

Between the Spring and late Summer of 2000, Johnnie Wallace, who, again, was the selecting official for the subject position told Mr. Carter one or two times that Wallace considered him too old for the job, that Carter needed to retire and that Carter had enough money to go do something else other than work for the FAA. (Ex. p. 28) Mr. Gerald Martelli, Jr. stated that, " I recall that Johnnie Wallace made a statement to Tom (Carter) that Tom was old enough to retire and/or Tom had enough money to do something else."(Ex. p. 85).

### IV. CONCLUSION

Where, as here, the defendant has made a purported non-discriminatory reasons for non-promotion of Chandler Carter, the "… plaintiff's burden is only to demonstrate a genuine

7

dispute of material fact as to whether the proffered reasons were unworthy of belief."  The Court continued: "To avoid summary judgment, a plaintiff need not demonstrate that discriminatory reasons motivated the employer's decision.  ***Morgan v. Hilti, Inc***., 108 F.3d 1319, 1321-1322 (10th Cir. 1997).  Moreover, an indicia of pretext can be found in whether a member outside of the protected class was treated differently than the plaintiff.  ***O'Connor v. Consolidated Coin Caterers Corp.,*** 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed 2d 433 (1996), ***Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 147 L.Ed.2d 105 (2000.  Here, as shown by the above, there is clear and undisputable evidence that Mr. Carter was the top candidate for and fully met the prerequisites for elevation to the subject position and that he was denied, discriminatorily, the opportunity to be selected for that position.

For all the additional reasons set out above and in the plaintiff's exhibits, Mr. Carter believes that Mr. Mineta's Motion for Summary judgment should be denied.

   DATED at Anchorage, Alaska this 28th day of February, 2006.

LAW OFFICES OF HUGH W. FLEISCHER


S/ HUGH W. FLEISCHER
Hugh W. Fleischer
Attorney for Chandler D. Carter
Alaska Bar # 7106012
310 K. St., Suite 200
Anchorage, AK 99501
(907) 264-6635
(907) 264-6602-Fax
hfleisch@aol.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th
day of February, 2006, a true
and accurate copy of the foregoing was
delivered electronically to:

Susan J. Lindquist
Assistant U.S. Attorney
222 W. 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Susan.linquist@usdoj.gov


 S/ Hugh W. Fleischer

LAW OFFICES OF HUGH W. FLEISCHER




9268/609

9