

Slip Copy                                                                                                                Page 1
Slip Copy, 2006 WL 455547 (C.A.9 (Cal.))
**(Cite as: Slip Copy)**

[Briefs and Other Related Documents](#)

Only the Westlaw citation is currently available. This case was not selected for publication in the Federal Reporter. Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals, Ninth Circuit.

Acie C. PHILLIPS, Jr., Plaintiff-Appellant,

v.

THE BOEING COMPANY, a Delaware Corporation, Defendant-Appellee.

No. 04-55310.

D.C. No. CV-02-00740-AHS.

Argued & Submitted Feb. 8, 2006.

Decided Feb. 24, 2006.

Rochelle Evans Jackson, Esq., Law Offices of Rochelle Evans Jackson, Orange, CA, for Plaintiff-Appellant.

Scott Zarin, Esq., San Francisco, CA, Allan P. Loewe, Esq., Peck & Loewe, Westlake Village, CA, for Defendant-Appellee.

Appeal from the United States District Court for the Central District of California, Alicemarie H. Stotler, District Judge, Presiding.

Before PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

# MEMORANDUM [FN*]

[FN*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

*1 Plaintiff-Appellant Acie C. Phillips, Jr. ("Phillips") appeals the district court's grant of summary judgment for the Boeing Company ("Boeing"). Phillips filed an action for money damages that alleged, *inter alia,* age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"). We conclude that there are genuine issues of material fact regarding whether Boeing's proffered nondiscriminatory reason for discharge was a pretext for age discrimination. Accordingly, we reverse. The parties are familiar with the facts, so we do not recite them here.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment de novo and consider the evidence in the light most favorable to Phillips, the non-moving party. *See* Yakutat, Inc. v. Gutierrez, 407 F.3d 1054, 1066 (9th Cir.2005). We also determine whether there are any genuine issues of material fact and whether the district court correctly applied relevant substantive law. *See* Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004); Fed.R.Civ.P. 56(c).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.                                                         EX. AA

Slip Copy  
Slip Copy, 2006 WL 455547 (C.A.9 (Cal.))  
**(Cite as: Slip Copy)**

Page 2

In claims for age discrimination under FEHA, [FN1] we apply the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 916 (9th Cir.1997), *cert. denied,* 522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997). Under the *McDonnell Douglas* framework, first the plaintiff must make out a prima facie case of age discrimination. *See Nidds,* 113 F.3d at 916. Next, if the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for discharging the plaintiff. *See id.* Finally, if the defendant carries his burden, the plaintiff must demonstrate that the defendant's proffered nondiscriminatory reason for discharge was a pretext for a discriminatory motive. *See id.*

> FN1. FEHA provides, in relevant part, that "[i]t shall be an unlawful employment practice ... [f]or an employer, because of ... age ... to discharge the person from employment." Cal. Gov't Code § 12940.

We find that Phillips made out a prima facie case of age discrimination and adduced sufficient evidence to support an inference of unlawful discrimination. See *Messick v. Horizon Industries, Inc.,* 62 F.3d 1227, 1229 (9th Cir.1995) (stating that "[t]he requisite degree of proof to establish a prima facie case is minimal; plaintiff need only offer evidence giving rise to an inference of unlawful discrimination") (citation omitted).

Boeing presented several legitimate, nondiscriminatory reasons in support of its decision to discharge Phillips. Phillips concedes that Boeing conducted a large-scale reduction-in-force at its Long Beach Facility during the time period surrounding Phillips's discharge. Because reduction-in-force is a legitimate, nondiscriminatory reason, Boeing carried its burden under prong two of the *McDonnell Douglas* framework.

Summary judgment is not appropriate in this case, however, because there are genuine issues of material fact regarding whether Boeing's proffered reasons for discharging Phillips are a pretext for unlawful discrimination. The parties do not dispute that Phillips's supervisor remarked to Phillips on multiple occasions, "You've been around a long time, have you considered retirement?" and "You're an old man, you've been doing this a long time." Although we have held that stray remarks are insufficient to establish discrimination, *see Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438 (9th Cir.1990), the comments in this case could be innocuous or invidious depending on a number of factors, including facial expression, vocal inflection, and the circumstances in which the comments were uttered.

\*2 "This Court has set a high standard for the granting of summary judgment in employment discrimination cases, ... [and] require[s] very little evidence to survive summary judgment in a discrimination case." *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1410

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                   Page 3
Slip Copy, 2006 WL 455547 (C.A.9 (Cal.))
**(Cite as: Slip Copy)**

9th Cir.1996) (internal quotation omitted). "[T]he ultimate question is one that can only be resolved through a 'searching inquiry'-one that is most appropriately conducted by the factfinder, upon a full record." *Id.* (internal quotation omitted).

Because Phillips proffered specific and substantial evidence that, when viewed in the light most favorable to him, supports the conclusion that Boeing's proffered reasons for discharge were a pretext for a unlawful discrimination, summary judgment was not appropriate. This question should be resolved by a factfinder's searching inquiry on a full record.

Accordingly, we REVERSE the district court's entry of summary judgment and REMAND this case for further proceedings consistent with this memorandum.

C.A.9 (Cal.),2006.
Phillips v. Boeing Co.
Slip Copy, 2006 WL 455547 (C.A.9 (Cal.))

Briefs and Other Related Documents (Back to top)

• 2005 WL 516728 (Appellate Brief) Reply Brief of Appellant-Plaintiff Acie Phillips, Jr. (Jan. 24, 2005) Original Image of this Document (PDF)
• 2004 WL 3140569 (Appellate Brief) Appellee's Opening Brief (Dec. 09, 2004) Original Image of this Document (PDF)
• 2004 WL 2416083 (Appellate Brief) Brief of Appellant-Plaintiff Acie Phillips, Jr. (Sep. 16, 2004) Original Image of this Document (PDF)

• 04-55310 (Docket) (Feb. 24, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.                                                           EX. AA