UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| CHANDLER D. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:04-cv-00178 (JWS) |
| | ) | |
| vs. | ) | ORDER FOR PRE-TRIAL |
| | ) | PROCEEDINGS AND FINAL |
| NORMAN Y. MINETA, | ) | PRE-TRIAL CONFERENCE |
| | ) | |
| Defendant. | ) | |

In preparation for a final pre-trial conference, counsel will discuss among themselves, by telephone or in person, as soon as possible after receipt of this order and from time to time thereafter as counsel deem appropriate, the following subjects for the purpose of completing the development of this case by the dates hereinafter specified.[1]

(1)  Issues.  The parties will prepare and file a single, joint statement of issues on or before **December 22, 2006**.  At a minimum, the joint statement of issues must identify the legal elements which a party is required to prove in order to establish each claim, affirmative defense, or cross- or counterclaim asserted by the party.  If the statement of issues is not concurred in by all counsel in all respects, a brief statement of

---

[1]The parties should not assume that they are at liberty to stipulate to a change of the dates set herein.  If the parties do so stipulate, the court reserves the right to vacate the trial date if the changes in compliance dates deprive the court of adequate time to complete its trial preparation.

the disagreement as to any issue or issues will be included.  At the final pre-trial conference, a final statement of issues to be litigated will be settled, and only those issues will be tried.

     (2)    <u>Statement of Uncontested Facts</u>.  On or before **December 22, 2006**, the parties will prepare and file a <u>joint</u> statement of uncontested facts which will be offered by plaintiff as the first evidence in the case.

        The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial background material which will serve to put into proper context the issues to be litigated.  It is the intent of the court that this statement includes <u>all</u> facts upon which a party intends to rely and which the opposing party does not intend to controvert.  In the preparation of the statement of uncontested facts, and unless the parties all concur in a different, effective procedure, the parties will each prepare a statement of facts which they intend to prove at trial, from which each side can identify those facts that are not to be controverted.  Those uncontroverted facts will be incorporated into the joint statement of uncontested facts.  The court would emphasize that it is intended that the statement of uncontested facts be read or stipulated directly into the record.  Therefore, it will be entirely factual.  The statement will not contain matters of law, claims or argument.

     (3)    <u>Witnesses</u>.  On or before **December 22, 2006**, each party will serve and file a final, revised witness list, which may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list.  This final witness list will disclose those witnesses whom the party will in fact call at trial.  Only those witnesses so listed will be permitted to testify at trial.  Witnesses will be listed in the order in which it is expected they will be called.

        As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial.  The disclosure will be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination.

Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications will be appended to the witness list. The statement of qualifications of experts will be sufficiently detailed to permit opposing counsel to serve and file objections on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any dispute as to qualifications will be resolved at the final pre-trial conference.

Witnesses whose depositions will be offered in lieu of live testimony will be identified. In lieu of a statement of testimony which counsel expects to elicit from such witnesses, the party will specify the inclusive pages from the deposition which are proposed to be offered. Objections to such testimony, as well as any desired counterdesignation of deposition testimony, will be served and filed on or before the date specified hereinafter for the filing of objections to proposed exhibits. Any objections to proposed deposition testimony (including objections to counterdesignations) will be resolved at the final pre-trial conference.

Depositions which are to be used for any purpose at trial will be lodged with the Clerk of Court at the time and in the manner hereinafter specified for the filing of exhibits, and the same will be ordered published as a matter of course when and if such depositions are offered.

(4)  Exhibits. On or before **December 22, 2006**, the parties will mark, inspect, and review with the Clerk of Court all trial exhibits in accordance with D.Ak.LR 39.3. An extra copy of all exhibits will be provided for the use of the court in accordance with Section (6)[B] of said rule.

On or before **December 29, 2006**, the parties will serve and file all objections to exhibits, and in particular will identify any exhibit as to which authentication will be required. Absent such notice, formal authentication will be deemed waived. Objections will be concise, and appropriate authorities will be cited. The offering party's arguments and authorities in favor of admission of each such exhibit will be served and filed by **January 5, 2007**. Objections to exhibits will ordinarily be resolved at or before the final pre-trial conference.

(5)     Motions.  The time for the filing of pre-trial motions has expired; however, motions as to known, difficult evidentiary matters will be served and filed not later than **December 22, 2006**.

(6)     Settlement.  A settlement conference may be conducted before another judge prior to trial upon request of the parties.  The request should be directed to the court's case management clerk (at 907-677-6125).

The court must be advised of a "last-minute" settlement no later than 3:00 p.m. of the last business day before the commencement of trial; otherwise, jury costs are incurred by the court and may be taxed to the parties.

(7)     Final Pre-Trial Conference.  The final pre-trial conference is scheduled for the general purpose of reviewing compliance with this order and, in particular:  limiting and defining the issues; settling and, if possible, expanding the agreed statement of facts; resolving objections and other matters relative to witnesses and exhibits; and disposition of any final motions.

(8)     Briefs, Jury Instructions, Etc.  Each party will serve and file a trial brief on or before **February 9, 2007**.  Such brief will contain a short, plain, and candid statement of the party's position and authorities as to each contested issue of law.  It will disclose and brief those theories of the case which a party will urge at trial.  Except as will be incidentally necessary, the briefs will not contain a statement of, nor will they argue, the facts of the case.  Such briefs will be no longer than fifteen (15) letter-size pages.

If this case is scheduled for a trial by jury, each party will prepare, serve, and file--on or before the date specified for the filing of trial briefs--proposed jury instructions.  Such instructions will be prepared in accordance with D.Ak.LR 51.1.

If this case is scheduled for a trial by jury, counsel will please serve and file proposed *voir dire* questions on or before **February 9, 2007.**

(9)     Trial  Subject to the requirements of the court's criminal calendar, trial by **jury** in this case is scheduled to commence on **February 20, 2007** (if this date is not one suggested by the parties, it is the closest date available), at **Anchorage**, Alaska, and is expected to be completed on **February 23, 2007**.  Unless otherwise ordered, trial

will commence at 9:00 a.m. each day and will adjourn for the day at 4:30 p.m., except in unusual circumstances.

This case **is not** a "backup" case which has been scheduled for trial in the event that a primary case setting is vacated.  It is the responsibility of counsel for the parties in a "backup" case to keep themselves informed as regards the court's calendar and to be ready to proceed with trial on short notice of a primary case setting is vacated. The court will endeavor to notify counsel for the parties in a "backup" case of a change in its calendar status at the earliest possible time, but the primary responsibility in this regard is upon counsel.

(10)   Other Matters.  Such other matters as counsel may desire to take up at the pre-trial conference should be discussed by them in advance, and the court will be pleased to consider any other matters that will in any fashion facilitate and/or expedite the development and trial of the case.

**IT IS ORDERED**

(1)   A final pre-trial conference in this case will be held on **February 16, 2007**, at **8:30 a.m.**, at **Anchorage**, Alaska.

(2)   The parties will prepare, serve or exchange, and file or lodge with the court on or before the dates above specified all of the documents above specified. These dates will not be subject to change by stipulation of the parties, and may be changed only by order of the court for good cause shown.  Both the final pre-trial conference date and the trial date set for this case are contingent upon timely compliance with this order by the parties.  Any party should expect to pay costs to the opposing party or to the court if it is found that he or she has willfully and without good cause failed to comply with this order.  See Rule 16(f), Federal Rules of Civil Procedure.

(3)   To the extent that stipulation of the parties and/or earlier orders of the court require additional or more detailed filings or additional procedures, those earlier

stipulations and/or orders will remain in effect. However, to the extent any such prior stipulation or order conflicts herewith, this order will control.

    DATED at Anchorage, Alaska, this 10th day of August 2006.

                                              /s/ JOHN W. SEDWICK
                                              UNITED STATES DISTRICT JUDGE