NELSON P. COHEN
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHANDLER D. CARTER,<br><br>    Plaintiff,<br><br>  v.<br><br>NORMAN Y. MINETA<br>SECRETARY OF TRANSPORTATION,<br><br>    Defendants. | Case No. 3:04-cv-178-JWS<br><br>MINETA'S MOTION IN LIMINE REGARDING MILLER'S FLYING VIOLATION |

     Norman Mineta, ("FAA") through counsel, moves in limine, to bar Plaintiff from introducing evidence about Verne Miller's flying violation, known as a deviation.  The deviation is irrelevant, as declared by the court in its previous Order and it is more prejudicial than probative.

FACTS

In this case, Mr. Carter alleges that in August 2000, he was denied a promotion, which was given to Verene Miller. On July 8, 1998, Ms. Miller was violated two FAA regulations. Dkt 13 at Ex. P at 90-1.[1]  First, she deviated from ATC [Air Traffic Control] clearance, and second, she operated ACFT [an aircraft] under IFR [instrument flight rules] below 2000 feet. The FAA concluded that she should be issued a Letter of Correction. Id.

In this case, in its motion for summary judgment, the FAA addressed the flying violation. Dkt 13 at 13. It argued that the violation was irrelevant because an applicant for an FAA position can have two deviations before being disqualified to bid. Dkt. 13 at 13 & Ex. U. Moreover, FAA's application form does not ask for the applicant to list deviations. Dkt 13 at 13 & Ex. K at 105.

At Docket 19, District Court Judge James K. Singleton granted FAA's motion in part. On the issue of the flying violation, he wrote:

> As to the seriousness of Ms. Miller's flying violation and its knowledge by Mr. Wallace, the only evidence proffered is the opinion of Mr. Carter. Not only was it not disqualifying, but Mr. Carter has not established it's [sic] relevance to either the discrimination charge or Ms. Miller's ability to perform in a higher level supervisory position. While this may establish that Mr. Wallace made an unwise

---

[1] This issue was raised in FAA's Motion for summary judgment. FAA is using the same exhibit letter which was used in its Motion.

or poor decision in selecting Ms. Miller, it does not establish a discriminatory motive. [citation omitted].

## ANALYSIS

I.     IT IS THE LAW OF THE CASE THAT A FLYING VIOLATION DOES NOT ESTABLISH A DISCRIMINATORY MOTIVE

In U.S. v. Smith, 389 F.3d 944, 948 (9th Cir. 2004), the court expounded on the law of the case when it wrote:

> Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) (citations omitted). The doctrine is a judicial invention designed to aid in the efficient operation of court affairs," *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir.2000) (*quoting Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir.1990)), and is founded upon the sound public policy that litigation must come to an end, Old *Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir.2002), cert. denied, 540 U.S. 1016, 124 S.Ct. 566, 157 L.Ed.2d 429 (2003). Further, the doctrine serves to advance the "principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." *949 *United States v. Houser*, 804 F.2d 565, 567 (9th Cir.1986) (citation omitted). Notably, [i]ssues that a district court determines during pretrial motions become law of the case. nited States v. Phillips*, 367 F.3d 846, 856 (9th Cir.2004) (citation omitted) cert. denied, No. 045686, 125 S.Ct. 479, 2004 WL 2070630 (Nov. 8, 2004).
>
> [6] The law of the case doctrine is not an inexorable command, *Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir.1988) (citation omitted), nor is it "a limit to [a court's] power. *Houser*, 804 F.2d at 567568. Rather, [a]pplication of the doctrine is discretionary. *Lummi Indian Tribe*, 235 F.3d at 452; see also *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir.2000) (stating that the "doctrine is highly

3

flexible") (citation omitted); *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir.1999); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir.1995) (A judge may reexamine his earlier ruling ⋯ if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.") (citation omitted); Moore's Federal Practice § 134.21[1] (3d ed. 2003) ("When a court applies the law of the case doctrine to its own prior decisions ⋯ the traditional formulations of the doctrine must be conceived as rules of thumb and not as straightjackets on the informed discretion and sound practical judgment of the judge").

Although the "district court may reconsider its prior rulings so long as it retains jurisdiction over the case," City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir.2001), it should refrain from doing so in this case because Mr. Carter failed to present any relevant evidence to substantiate his position and he should not get another bite of the apple.

Moreover, if the court were to reconsider this issue, it should independently conclude that Ms. Miller's flying violation has nothing to do with a high-level office supervisory position which does not require flying. The FAA regulations allow two violations before barring applicants. The application does not request information about flying violations or experience. Ms. Miller had 7,200 of hours of flying, this was her first enforcement action, and there was an auto pilot failure and the pilot was distracted because of that. Ex. P Addendum attached hereto.

## II.   THE FLYING VIOLATION IS MORE PREJUDICIAL THAN PROBATIVE

Federal Rule of Evidence 403 prohibits the admission of evidence that is more prejudicial than probative. This is a jury trial. A violation is a bad markon anyone's record. The evidence is not probative of whether Mr. Wallace decided that he wanted the younger applicant instead of Mr. Carter. The violation occurred almost two years before the selection.

## CONCLUSION

The single issue in this case is whether Mr. Wallace intentionally selected the younger applicant. The issue is not whether he picked the best person. The court correctly ruled that the evidence was not relevant. The court should find that the prior ruling was the law of the case and prohibit any testimony about Ms. Millers flying violation.

Respectfully submitted, on January 18, 2007.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2006,
a copy of the foregoing MINETA'S MOTION IN
LIMINE REGARDING MILLER'S FLYING VIOLATION
was served
electronically on Hugh W. Fleischer.

s/ Susan J. Lindquist