NELSON P. COHEN
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHANDLER D. CARTER<br><br>Plaintiff,<br><br>v.<br><br>NORMAN Y. MINETA<br>SECRETARY OF TRANSPORTATION,<br><br>Defendants. | Case No. 3:04-cv-00178-JWS<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS** |

    The Defendant, through counsel, objects to the following exhibits, which are listed in the Plaintiff's Amended Exhibit List at Docket 32.

Ex. 1    Objection. Fed. R. Evid. 402 (relevance); 403 (prejudice, confusion, waste of time). This exhibit is directly related to the topic of the government's Motion in Limine at Docket 37. The government claims that it is irrelevant that Ms. Miller, who received the promotion at issue, had a

|        |     |
|--------|-----|
|        | single flying violation. The position did not require flying. Moreover the FAA allows applicants to have two flying violations before disqualifying them as applicants. |
| Ex. 2  | No objection. |
| Ex. 3  | Objection. Fed. R. Evid. 402 (relevance). The FAA personnel regulations for staffing are not relevant. There is no allegation that Johnnie Wallace violated a personnel rule when he selected Ms. Miller over Mr. Carter. This exhibit contains rules about such irrelevant topic as employment of relatives, probationary periods, temporary internal assignments, and downsizing. Plt. Trial Ex. 3 at 12. Although it also addresses selection procedures, as there is no issue about whether Mr. Wallace followed FAA procedure, the exhibit is irrelevant. |
| Ex. 4  | Stipulated to admit. |
| Ex. 5  | Stipulated to admit. |
| Ex. 6  | Objection. Fed. R. Evid. 402 (relevance); 403 (prejudice, confusion, waste of time). This exhibit is the first vacancy announcement closing April 12, 2000. The announcement was amended (Defendants Trial Exhibit D) with a closing June 7, 2000 and the amended announcement superceded the announcement in Plaintiff's Trial Exhibit 6. The main change between the two, besides the closing date, was that FAA allowed applicants to qualify by having private industry experience which was equivalent to the next lower FAA job. Mr. Carter wants to argue that FAA changed the announcement in a way that favored Ms. Miller because she was able to rely on her outside FAA experience to get herself qualified. This issue was litigated and decided in the government's favor. Dkt. 19 at 8-10 and n.13; *See* Dkt 13 at 2-7 & 16-18, the government's facts and arguments. Mr. Carter presented no admissible evidence that the process was altered to favor Ms. Miller or to disfavor anyone else. Dkt 19 at n. 13. This exhibit is simply not relevant because it is not the operable vacancy announcement. |
| Ex. 7  | Objection. Fed. R. Evid. 402 (relevance); These emails and memorandum do not assist the jury in deciding whether Johnnie Wallace |

discriminated on the basis of age. They address arrangements personnel and other employees made to issue the amended vacancy announcement and to set up interview panels. The parties stipulated to much of this background information.

Respectfully submitted, on January 23, 2007.

> NELSON P. COHEN
> United States Attorney
>
> s/ Susan J. Lindquist
> Assistant U. S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3378
> Fax: (907) 271-2344
> E-mail: susan.lindquist@usdoj.gov
> AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2007,
a copy of the foregoing DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S EXHIBITS, was served electronically on

Hugh W. Fleischer.

s/ Susan J. Lindquist